**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE SUBPOENAS ISSUED TO WATERS** | ) | |
| **& KRAUS LLP in *IN RE BESTWALL, LLC*,** | ) | |
| **CASE NO. 3:17-BK-31795-LTB, PENDING** | ) | **Miscellaneous** |
| **IN THE BANKRUPTCY COURT FOR THE** | ) | **Action Case No.** |
| **WESTERN DISTRICT OF NORTH** | ) | **3:22-mc-3** |
| **CAROLINA.** | ) | |
| _____ | ) | |

### WATERS & KRAUS LLP'S MOTION TO QUASH OR MODIFY BESTWALL LLC'S SUBPOENA DUCES TECUM AND SUBPOENA AD TESTIFICANDUM AND BRIEF IN SUPPORT THEREOF

Waters & Kraus LLP (the "Law Firm") files this its Motion to Quash and/or Modify the Subpoena *Duces Tecum* and Subpoena *Ad Testificandum* and Brief in Support Thereof.  The subpoena *duces tecum* ("Document Subpoena"), is attached hereto as **Exhibit A**, and the subpoena *ad testificandum* ("Deposition Subpoena," and together with the Document Subpoena, the "Subpoenas"), is attached hereto as **Exhibit B**.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...…..………………………………………………………..ii

INTRODUCTION……...……………………………………………………………….1

ARGUMENT...……………………………………………………………………….2

    I.    The Subpoenas are Improper Because the Law Firm is not a Party to a Contested Matter...………………………………………………………………2

    II.    The Subpoenas Should Be Quashed Because They do not Comply With Federal Rules 26 and 45...…………………………………………………………4

        A.  The Subpoenas Seek Discovery From Opposing Counsel...…………...……..4

        B.  The Subpoenas Impose Undue Burden on the Law Firm...…………………... 7

        C.  The Subpoenas Seek Information Beyond the Scope of Federal Rule 26…... 9

           i.   Trust and Settlement Information……………………………………….. 9

           ii.   Rule 2019 Statements…………………………………………………13

           iii.   Evidence of Exposure…………………………………………………15

           iv.   Dahlgren Information…………………………………………………19

    III.    No Witness Fee was Tendered in Connection With the Deposition Subpoena….21

CONCLUSION...……………………………………………………………………22

# TABLE OF AUTHORITIES

Page(s)

Cases

*Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee v. Congoleum Corp.*,
  321 B.R. 147 (D.N.J. 2005) ........................................................................................... 14

*Blair v. Pride Indus., Inc.*,
  2015 WL 10818665 (W.D. Tex. July 17, 2015) ........................................................ 8

*Boze Mem'l, Inc. v. Travelers Lloyds Ins. Co.*,
  2013 WL 5299278 (N.D. Tex. Sept. 20, 2013) ........................................................ 21

*Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*,
  237 F.R.D. 215 (D. Neb. 2006) ..................................................................................... 6

*Ferguson v. Lorillard Tobacco Co.*,
  2011 WL 5903453 (E.D. Pa. Nov. 22, 2011) .......................................................... 13

*Hemphill v. San Diego Ass'n of Realtors, Inc.*,
  225 F.R.D. 616 (S.D. Cal. 2005) ............................................................................... 10

*Hickman v. Taylor*,
  329 U.S. 495, 506–14, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ...................................... 5

*In re A C & S Inc*,
  775 F. App'x 78 (3d Cir. 2019) ................................................................................... 15

*In re Asbestos Prod. Liab. Litig. (NO. VI)*, No.,
  2009 WL 6869437 (E.D. Pa. Sept. 18, 2009) .......................................................... 12

*In re Bestwall LLC*,
  2021 WL 2209884 (D. Del. June 1, 2021) ......................................................... 11, 12

*In re Correra*,
  589 B.R. 76 (Bankr. N.D. Tex. 2018) .......................................................................... 3

*In re Dennis*,
  330 F.3d 696 (5th Cir. 2003) ...................................................................................... 21

*In re Grand Jury Subpoena*,
  419 F.3d 329 (5th Cir. 2005) ...................................................................................... 11

*In re Jee*,
  104 B.R. 289 (Bankr. C.D. Cal. 1989) ........................................................................ 3

*In re Marathe*,
   459 B.R. 850 (Bankr. M.D. Fla. 2011) ........................................................................ 3

*In re Motions for Access of Garlock Sealing Techs. LLC*,
   488 B.R. 281 (D. Del. 2013) ..................................................................................... 15

*In re Motions Seeking Access to 2019 Statements*,
   585 B.R. 733 (D. Del. 2018) ..................................................................................... 15

*In re Murray*,
   620 B.R. 286 (Bankr. E.D. Mich. 2020) ..................................................................... 2

*In re Owens Corning Armstrong World Indus., Inc.*,
   560 B.R. 229 (Bankr. D. Del. 2016) .......................................................................... 15

*In re Patel*,
   2017 WL 377943 (Bankr. N.D. Ga. Jan. 26, 2017) .............................................. 2, 3, 4

*In re Philadelphia Newspaper, LLC*,
   422 B.R. 553 (Bankr. E.D. Pa. 2010) ....................................................................... 14

*In re Subpoena Issued to Dennis Friedman*,
   350 F.3d 65 (2d Cir. 2003) .................................................................................... 4, 5

*In re Teknek*,
   512 F.3d 342 (7th Cir. 2007) ..................................................................................... 3

*James Julian, Inc. v. Ratheon Co.*,
   93 F.R.D. 138 (D. Del. 1982) ................................................................................... 18

*Jones v. Singing River Health Sys.*,
   2016 WL 2851332 (S.D. Miss. May 13, 2016) ........................................................ 10

*Kinetic Concepts, Inc. v. ConvaTec Inc.*,
   268 F.R.D. 226 (M.D.N.C. 2010) ............................................................................... 4

*MacDermid Printing Sols., L.L.C. v. E.I. Du Pont De Nemours & Co.*,
   2012 WL 734146 (M.D.N.C. Mar. 6, 2012) ............................................................... 4

*Matter of UNR Indus., Inc.*,
   20 F.3d 766 (7th Cir. 1994) ..................................................................................... 14

*McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*,
   No. 3:14-CV-2498-B, 2016 WL 3033544 (N.D. Tex. May 26, 2016) .......................... 5

*Monster Energy Co. v. Vital Pharm, Inc.*,
   Case No. 5:18-cv-01882-JGB (SHKx), 2020 WL 2405295 (C.D. Cal. Mar. 10, 2020) ..... 3, 5, 6

*Murphy v. Adelphia Recovery Tr.*,
   No. 3-09-MC-105-B, 2009 WL 4755368 (N.D. Tex. Nov. 3, 2009) ........................................ 6

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Valdez*,
   863 S.W.2d 458 (Tex. 1993) ................................................................................................ 17

*Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.*,
   No. A-09-CA-711 LY, 2010 WL 5174366 (W.D. Tex. Dec. 13, 2010) ................................... 5

*Nguyen v. Excel Corp.*,
   197 F.3d 200 (5th Cir. 1999) .................................................................................................. 5

*Pamida, Inc. v. E.S. Originals, Inc.*,
   281 F.3d 726 (8th Cir. 2002) .................................................................................................. 6

*Pauls v. The Prudential Ins. Co. of Am.*,
   2016 WL 6397564 (N.D. Tex. Oct. 28, 2016) ......................................................................... 9

*Schaaf v. SmithKline Beecham Corp.*,
   233 F.R.D. 451 (E.D.N.C. Dec. 22, 2005) .............................................................................. 7

*Securus Techs., Inc. v. Glob. Tel*Link Corp.*,
   331 F. Supp. 3d 633, 637 (N.D. Tex. 2017) ........................................................................... 5

*Shelton v. American Motors Corp.*,
   805 F.2d 1323 (8th Cir. 1986) ............................................................................................ 5, 6

*Shepherd v. Pneumo-Abex, LLC*,
   2010 WL 3431633 (E.D. Pa. Aug. 30, 2010) ....................................................................... 12

*Sheppard v. Liberty Mut. Ins. Co.*,
   2017 WL 318470 (E.D. La. Jan. 23, 2017) .......................................................................... 12

*Sporck v. Peil*,
   759 F.2d 312 (3d Cir. 1985) ................................................................................................ 18

*Traut v. Quantum Servicing, LLC*,
   2018 WL 1035134 (N.D. Tex. Feb. 23, 2018) ..................................................................... 21

*Wiwa v. Royal Dutch Petroleum Co.*,
   392 F.3d 812 (5th Cir. 2004) .............................................................................................. 7, 9

**Rules**

Fed. R. Bankr. P. 2004..................................................................................................2, 11

Fed. R. Bankr. P. 2019.................................................................................6, 13, 14, 15

Fed. R. Bankr. P. 9016............................................................................................5, 14

Fed. R. Civ. P. 26……......................................................................................*passim*

Fed. R. Civ. P. 45.............................................................................................*passim*

## <u>INTRODUCTION</u>

The Law Firm asks this Court to quash, or in the alternative, to modify, the Subpoenas issued by Bestwall on November 30, 2021 and received by the Law Firm on December 2, 2021. As set out more fully below, the Subpoenas are objectionable on several grounds based on the applicable rules and case law.  As a threshold matter, the Subpoenas were issued to the Law Firm, a nonparty to the underlying bankruptcy case (the "Bankruptcy Case"), without authorization by the Bankruptcy Court as required by Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  During a meet and confer between counsel on December 30, 2021, counsel for Bestwall indicated that the Subpoenas were related to the discovery of asbestos trust claims information relevant to forthcoming estimation proceedings in the Bankruptcy Case; however, the Law Firm is not a party to that contested matter.

Even if they were validly issued, the Subpoenas should be quashed or modified because they are noncompliant with the requirements of Federal Rules 26 and 45, including the protections afforded nonparties under those rules.  Bestwall improperly seeks discovery from opposing counsel without showing that the information sought is otherwise not available, is not privileged, and is vital to its case.  The Subpoenas further impose an unreasonable burden on the Law Firm due to the scope of the document requests and deposition topics, much of which is unrelated to trust claims.  Bestwall has failed to demonstrate that the information that it seeks is in compliance with Federal Rule 26(b)(1) and is "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The

Subpoenas do not comply with Federal Rule 45 because they: (a) seek privileged or confidential material from the Law Firm, *see* Fed. R. Civ. P. 45(d)(2); and (b) make no effort to avoid undue burden and expense to the Law Firm, *see* Fed. R. Civ. P. 45(d)(1). The Deposition Subpoena failed to include a witness fee, as required by Fed. R. Civ. P. 45(b)(1), though counsel for Bestwall indicated during the meet and confer that the requisite fee would be tendered.

## ARGUMENT

### I.   The Subpoenas are Improper Because the Law Firm is not a Party to a Contested Matter.

The plain language of Federal Rule 45 permits an attorney to issue and sign a subpoena if the attorney is authorized to practice in the issuing court. Fed. R. Civ. P. 45(a)(3). However, in the bankruptcy context, federal courts interpret the plain language of Federal Rule 45, in concert with the relevant Federal Rules of Bankruptcy Procedure, to require either: (1) an adversary proceeding or contested matter pending before the Bankruptcy Court involving the subpoenaed party; or (2) an Order under Bankruptcy Rule 2004, obtained by the moving party, authorizing the issuance of the subpoena.[1] *In re Patel*, No. 16-65074-LRC, 2017 WL 377943, at *2 (Bankr. N.D. Ga. Jan. 26, 2017) ("[U]nder a plain reading of Federal Rule 45 and Rules 9002(1), 9016, and 2004, to obtain a subpoena for production of documents, a party in interest must either be a party to an adversary proceeding, contested petition, or contested matter, or, when there is no litigation pending, have obtained a Rule 2004 order."); *see In re Murray*, 620 B.R. 286, 287 (Bankr. E.D. Mich. 2020) (creditor was required to obtain an order under Bankruptcy Rule 2004 authorizing the

---

[1] Pursuant to Bankruptcy Rule 2004(c), "[t]he attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial." Fed. R. Bankr. P. 2004(c) (emphasis added). Bankruptcy Rule 9016 states that Federal Rule 45 "applies in cases under the [Bankruptcy] Code." Fed. R. Bankr. P. 9016.

issuance of a *subpoena duces tecum* to nonparty where there was no pending adversary proceeding or contested matter) (citing *Patel*, 2017 WL 377943, at *2).

Here, Bestwall did not obtain an Order allowing a Rule 2004 examination.  During the meet and confer, counsel for Bestwall stated that the Subpoenas relate to an estimation proceeding in the Bankruptcy Case.  However, this representation does not validate the Subpoenas since the Law Firm is not a party to that contested matter, or any other pending adversary proceeding or contested matter before the Bankruptcy Court.  *See Monster Energy Co. v. Vital Pharm, Inc.*, Case No. 5:18-cv-01882-JGB (SHKx), 2020 WL 2405295, at *1 (C.D. Cal. Mar. 10, 2020) (defining the subpoenas for depositions and production of documents on former opposing counsel to a litigation party as "Non-Party Subpoenas").  A "non-party" is any person or entity other than a "party" to a bankruptcy case, which courts have defined as: (i) debtors; (ii) creditors that have filed a proof of claim; or (iii) persons that have received proper service in a contested matter or an adversary proceeding and that may have information that relate to a debtor's assets or liabilities. *See, e.g., In re Teknek*, 512 F.3d 342, 344-46 (7th Cir. 2007); *In re Correra*, 589 B.R. 76, 111 (Bankr. N.D. Tex. 2018); *In re Marathe*, 459 B.R. 850, 859-60 (Bankr. M.D. Fla. 2011); *In re Jee*, 104 B.R. 289, 293 (Bankr. C.D. Cal. 1989).  Certain of the Selected Plaintiffs represented by the Law Firm might—and only if they should (i) actually hold claims against Bestwall or information related to its liabilities and (ii) receive proper service—be considered "parties" to a contested matter, such as estimation proceedings in Bestwall's bankruptcy.  However, their current or former attorneys, the Law Firm that appeared on their behalf against Bestwall in the tort system, are not and would never be "parties" to the contested matter.

In the absence of a pending adversary proceeding or contested matter, Bestwall was required to seek and obtain an Order of the Bankruptcy Court pursuant to Bankruptcy Rule 2004

which authorized the issuance of the Subpoenas to the Law Firm, and plainly that has not been done.  *See, e.g., Patel*, 2017 WL 377943, at *2.  As a threshold matter, Bestwall has failed to follow the procedural requirements necessary to issue the Subpoenas.  Accordingly, the Court should quash the Subpoenas.

## II.   The Subpoenas Should Be Quashed Because They do not Comply with Federal Rules 26 and 45.

The Subpoenas should also be quashed because they disregard the requirements of Federal Rules 26 and 45.  "The scope of discovery under Rule 45 is viewed as the same as that under Rule 26."  *MacDermid Printing Sols., L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 1:10MC37, 2012 WL 734146, at *1 (M.D.N.C. Mar. 6, 2012) (citing *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 240 (M.D.N.C. 2010)).  Federal Rule 26 allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  These discovery requests do not meet the standard stated in the rule.

### A.   The Subpoenas Seek Discovery From Opposing Counsel.

By way of the Subpoenas at issue, Bestwall seeks to depose and obtain documents from the Law Firm that has served, and presently appears, as opposing counsel in tort litigation involving asbestos claims.  *See* Affidavit of Peter A. Kraus (the "Kraus Affidavit") submitted herewith, ¶ 5.  "Courts have been especially concerned about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery."  *In re Subpoena Issued to*

*Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) (citing *Hickman v. Taylor,* 329 U.S. 495, 506–14, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).  Following this general principle, the Fifth Circuit has noted that "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999).  *Securus Techs., Inc. v. Glob. Tel\*Link Corp.*, 331 F. Supp. 3d 633, 637 (N.D. Tex. 2017) ("Depositions of opposing counsel are highly disfavored."); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 3033544, at \*6 (N.D. Tex. May 26, 2016) ("What is clear under Fifth Circuit law is that depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances.)

The decision in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), established a test for deposing opposing counsel and has been cited by district and bankruptcy courts all over the country in determining the propriety of such depositions.  *See Monster Energy*, 2020 WL 2405295, at \*7.  Under *Shelton*, to authorize a deposition of opposing counsel, there must be: (i) no other possible means of obtaining the information sought; (ii) the information must be relevant and nonprivileged; and (iii) the information must be crucial to the deposing party's case.  805 F.2d 1327.  While the *Shelton* test has never been formally adopted by the United States Court of Appeals for the Fifth Circuit, it is regularly applied to deposition subpoenas of opposing counsel.  *Securus Techs., Inc. v. Global Tel\*Link Corp.*, 331 F. Supp. 3d 633, 637 (N.D. Tex. 2017) (quashing deposition and document subpoenas); *Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.*, No. A-09-CA-711 LY, 2010 WL 5174366, at \*2 (W.D. Tex. Dec. 13, 2010) (quashing

deposition subpoena); *Murphy v. Adelphia Recovery Tr.*, No. 3-09-MC-105-B, 2009 WL 4755368, at *2 (N.D. Tex. Nov. 3, 2009) (quashing deposition subpoena).[2]

Courts that apply the *Shelton* test to deposition discovery also routinely apply the same analysis to documentary discovery. *See Monster Energy*, 2020 WL 2405295, at *8 (listing cases quashing subpoenas duces tecum served on opposing counsel under the *Shelton* test analysis from the United States District Courts for the Eastern District of New York, Western District of Washington, and District of Colorado).

The *Shelton* test creates a strong presumption *against* deposing or seeking documents from opposing counsel, who are not only not parties to proceedings, but also due to the disruption of the adversarial legal system, the lowering of the standards of professional practice, the time and cost burdens of compliance, and the damage to the attorney-client relationship. *Shelton*, 805 F.2d at 1327. As set forth below, the Subpoenas seek information from the Law Firm regarding trust claim forms, which Bestwall has already sought by subpoenas to the trusts themselves. The Subpoenas seek confidential and privileged information related to settlements and settlement negotiations. The Subpoenas seek Rule 2019 Statements either available on the public record or only available from clerks of court pursuant to specific court orders. The Subpoenas seek opposing counsel's litigation files to review all evidence supporting the Selected Plaintiff's cases in tort,

---

[2] The decision in *Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726 (8th Cir. 2002), does not preclude application of the *Shelton* test to this case simply because the cases involving the Selected Plaintiffs have been settled and closed. The information that Bestwall is seeking arises from the Law Firm's involvement in those cases as trial counsel and involves legal decisions and work product created during the course of the Law Firm's representation. Those same analyses and work product would be relevant to the pending claims of other claimants as well as the estimation thereof. *See, Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*, 237 F.R.D. 215, 219–20 (D. Neb. 2006) (applying the *Shelton* test to subpoenas of former general counsel, who was previously involved in formulating litigation strategies, and quashing deposition and document subpoenas).

information already provided in discovery, or information on the public record.  Finally, the Subpoenas seek information about articles available from the third parties involved in creating those articles.  Bestwall cannot satisfy the *Shelton* test or the requirements of discovery under Federal Rules 26 or 45.  Accordingly, the Court should quash the Subpoenas issued to the Law Firm.  Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii).

### B.  The Subpoenas Impose Undue Burden on the Law Firm.

As a nonparty to the Bankruptcy Case, the Law Firm is protected by the federal rules and applicable case law from undue burden or expense imposed by compliance with the Subpoenas. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (stating that, "if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."); *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. Dec. 22, 2005) (stating that federal courts "give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.").  The "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).  Bestwall has not taken reasonable steps to avoid undue burden.  For example, there is no time frame, whatsoever, to limit the production or disclosure of any of the information sought by way of these Subpoenas.

As shown by the Kraus Affidavit submitted herewith, compliance with the Subpoenas will impose significant "undue burden [and] expense" on the Law Firm.  The Subpoenas are overbroad and unreasonable because:

- None of the "Selected Plaintiffs" named in the Subpoenas are claimants in the Bestwall bankruptcy. ¶ 6.

- All of the claims asserted by the "Selected Plaintiffs" have been settled years ago, some as early as 2003. ¶ 6.

- Many of the lawyers who worked on these cases are no longer with the Law Firm and at least one lawyer is deceased; thus, the information known to these people is no longer available to the Law Firm. ¶ 8.

- Much of the requested information is privileged work product involving communications between lawyers working on the cases and client communications (¶ 9), which would require considerable effort and expense to review such information and prepare a privilege log.

- Much of the requested information would be contained in various formats and would require use of a vendor to sort through electronically stored information ("ESI") at considerable cost to the Law Firm. ¶ 10.

- The Law Firm has changed email platforms at least twice during the period covered by the Subpoenas and thus it is not known whether all of the requested information is even available, but it would take considerable time and expense to determine what information may be available and what is responsive to the Subpoenas. ¶ 11.

The cases for the "Selected Plaintiffs" listed in the Subpoenas were filed, litigated, and/or settled by the Law Firm over the course of almost two decades. Kraus Affidavit, ¶ 6. Federal courts routinely deny discovery seeking a large quantity of documents from a lengthy or unlimited period. *See Blair v. Pride Indus., Inc.*, No. EP14CV00183DCGRFC, 2015 WL 10818665, at *4 (W.D. Tex. July 17, 2015) (sustaining, in part, defendant's objection to plaintiff's request for

information upon finding that "[b]ecause the request contains no time or location limitation whatsoever … the request is overly broad"); *see also Pauls v. The Prudential Ins. Co. of Am.*, No. 3:16-CV-2116-M-BN, 2016 WL 6397564, at *7 (N.D. Tex. Oct. 28, 2016) (sustaining plaintiff's objection to examination that did not specify time limitations and requiring defendant to limit the scope of its examination "to the time frame applicable to the claim at issue in this case").

Compliance with the Subpoenas would indisputably involve the expenditure of significant time, costs, and the diversion of the firm's resources, resulting in undue burden to the Law Firm, as shown by the Kraus Affidavit.  *See Wiwa*, 392 F.3d at 818 ("[A] subpoena presents an undue burden when the subpoena is facially overbroad.").  Accordingly, this Court should enforce Bestwall's duty to avoid undue burden to the Law Firm and quash, or modify, the Subpoenas.  *See* Fed. R. Civ. P. 45(d)(1).

**C.  The Subpoenas Seek Information Beyond the Scope of Federal Rule 26.**

In addition to these general objections, which the Law Firm makes to both Subpoenas in their entirety,[3] the Law Firm also raises the additional, specific objections below:

**i.      Trust and Settlement Information**

Requests 1 and 2 of the Document Subpoena seek:

*1. All Trust Claim Forms submitted by, for or on behalf of any Selected Plaintiff, as well as any Documents submitted to a Trust therewith.*

*2. Documents sufficient to show the status of any claim asserted against a Trust by a Selected Plaintiff.*

---

[3] This includes Request 3 of the Document Subpoena ("All Ballots cast by, for or on behalf of any Selected Plaintiff, including any master ballots cast by the Firm that include any Selected Plaintiff.") and Topic 5 of the Deposition Subpoena ("Ballots cast by, for or on behalf of any Selected Plaintiff, including any master ballots cast by the Firm that include any Selected Plaintiff.") to which the Law Firm has not raised specific additional objections below.

Similarly, topics 1 and 3 of the Deposition Subpoena seek information regarding:

*1. Settlement negotiations and other Communications between the Firm and the Debtor (and/or its counsel) specifically with respect to claims by the Selected Plaintiffs.*

*3. Trust Claims submitted by, for or on behalf of the Selected Plaintiffs including evidence concerning exposure to asbestos, any asbestos-containing product or any asbestos contaminated product supporting such Trust Claims.*

In addition to the objections made above, the Law Firm objects to the production and disclosure of this information (collectively, the "Trust and Settlement Information") on additional grounds.  First, as part of these requests, Bestwall seeks information from the Law Firm to which it, or its counsel, already has access ("Settlement negotiations and other Communications between the Firm *and the Debtor (and/or its counsel)* …").  Indeed, the Federal Rules require consideration of "the parties' relative access to relevant information" as an important factor in determining whether the subpoenaed information is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  There is no reason that the Law Firm should be obligated to produce (or rather, reproduce) information to which Bestwall or its counsel already have access, and can obtain without imposing undue burden on the Law Firm.

Second, the Trust and Settlement Information that Bestwall seeks may contain confidential and privileged material, and "the courts have consistently applied the principle that discovery of settlement negotiations is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive."  *Jones v. Singing River Health Sys.*, No. 15CV1-LG-RHW, 2016 WL 2851332, at *1 (S.D. Miss. May 13, 2016) (quoting *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 620 (S.D. Cal. 2005)). Bestwall has laid no such foundation here.

Additionally, settlement information is privileged as attorney work product, which privilege the Fifth Circuit has recognized "serves to protect the interests of clients and their attorneys in preventing disclosures about the case by shielding the lawyers' mental processes from his adversary." *In re Grand Jury Subpoena*, 419 F.3d 329, 339 (5th Cir. 2005) (internal citations and quotations omitted). Furthermore, Bestwall's broad and sweeping requests for Settlement Information appear to include communications between the Law Firm and its clients, which communications would be protected by the attorney-client privilege.

On July 31, 2020, Bestwall previously sought, and obtained, a Bankruptcy Court Order under Bankruptcy Rule 2004 prior to issuing subpoenas duces tecum to a third-party recipient. Bestwall filed a motion under Bankruptcy Rule 2004, attached hereto as **Exhibit C**, for authority to issue a subpoena *duces tecum* on the Delaware Claims Processing Facility ("DCPF"). On March 24, 2021, the subpoenas duces tecum were issued by Order of the Bankruptcy Court pursuant to Bankruptcy Rules 2004 and 9016, attached hereto as **Exhibit D**.[4] Notably, Bestwall's subpoena *duces tecum* to DCPF, which sought similar information regarding claims submitted to bankruptcy trusts,[5] was quashed by the District Court of Delaware on June 1, 2021. There, the Court

---

[4] For the reasons discussed below, the District Court of Delaware issued an order dated June 1, 2021 granting DCPF's motion to quash Bestwall's subpoenas. *In re Bestwall LLC*, No. 17-BK-31795 (LTB), 2021 WL 2209884, at *7 (D. Del. June 1, 2021). On June 17, 2021, the Court issued another Order clarifying its June 1, 2021 ruling. *See* Case No. 1:21-mc-00141-CFC, ECF Docs. No. 31, 32, & 33.

[5] The subpoenas duces tecum to the DCPF Trust sought "sweeping personal data" for Bestwall Claimants who filed claims with a DCPF Trust, including: "Claimant identifying information, which is comprised of: i. the full name of the injured party; ii. the injured party's Social Security number, gender, date of birth, date of death, state of residency, date of diagnosis, and body site (if available); iii. the full name of any claimant who is not the injured party and his or her Social Security number; iv. and claimant's law firm, jurisdiction of tort claim filing, and date of tort claim filing. b. Date claim filed; c. Date claim approved, if approved; d. Date claim paid, if paid; e. If not approved or paid, status of the claim; f. All exposure-related fields, including: i. Date(s) exposure(s) began; ii. Date(s) exposure(s) ended; iii. Manner of exposure; iv. Occupation and industry when exposed; and v. Products to which exposed; g. Mode of review selected; h. Mode

determined that the proper path for Bestwall to obtain certain Trust Claim information was to seek relief from the "Bankruptcy Court issuing the orders establishing and governing the Trusts." *In re Bestwall LLC*, No. 17-BK-31795 (LTB), 2021 WL 2209884, at *7 (D. Del. June 1, 2021).  The Court explained that the Trust Distribution Procedures (the "TDP"), which were approved by a Federal District Court, "expressly provide[] that submissions to the Trust by the holders of the channeled asbestos claims … (i) are intended to be confidential, (ii) will be treated as made in the course of settlement discussions between the claimant and the Trust, and (iii) are to be protected by all applicable privileges, including those applicable to settlement discussions." *Id*. at *7.

The same confidentiality concerns discussed in the Delaware matter present themselves here.  Compliance with the Subpoenas as currently drafted would require the Law Firm to disclose confidential information, such as settlement figures, or evidence of negotiations or compromise, regarding the Trust Information.  While courts have determined that Trust Claims are generally discoverable, *Sheppard v. Liberty Mut. Ins. Co.*, No. CV 16-2401, 2017 WL 318470, at *3 (E.D. La. Jan. 23, 2017) (citing cases), "offers of compromise or settlement amounts are not discoverable," and have long been protected from discovery. *Id*. (citing *In re Asbestos Prod. Liab. Litig. (NO. VI)*, No. 09-62886, 2009 WL 6869437, at *1 (E.D. Pa. Sept. 18, 2009) (ordering plaintiffs to produce trust claim forms and other trust documents, except those that contained "specific instances of offers of compromise, as opposed to factual assertions of economic loss."); *Shepherd v. Pneumo-Abex, LLC*, No. 09-91428, 2010 WL 3431633, at *1 (E.D. Pa. Aug. 30, 2010)) (granting the defendants' request for bankruptcy trust claims but allowing plaintiffs to redact such documents "to eliminate any reference to offers of compromise or ultimate settlement

---

of review under which the claim was approved and paid." *Bestwall*, 2021 WL 2209884, at *6 (D. Del. June 1, 2021).

amounts"); *Ferguson v. Lorillard Tobacco Co.*, No. CIV. 09-91161, 2011 WL 5903453, at *1 (E.D. Pa. Nov. 22, 2011) (ordering plaintiff to respond to discovery seeking trust claims, but allowing plaintiff to "redact references to offers of compromise or settlement amounts")).

A federal district court must quash or modify a subpoena on timely motion if the subpoena requires disclosure of privileged or other protected matter.  Fed. R. Civ. P. 45(d)(3)(A)(iii).  For this reason, and all the arguments made herein, Court should quash the Subpoenas, or in the alternative, modify the Subpoenas to prevent the production and/or disclosure of confidential information, including any references to compromise or settlements amounts, with regard to the Trust Information that Bestwall seeks by way of the Subpoenas.

### ii.      Rule 2019 Statements

Request 4 of the Document Subpoena seeks:

 *4. All Rule 2019 Statements filed by the Firm or on behalf of or containing the name of any Selected Plaintiff.*

Similarly, topic 4 of the Deposition Subpoena seeks information regarding:

*4. Rule 2019 Statements filed by the Firm on behalf of or containing the names of any Selected Plaintiff.*

In addition to the objections made above, the Law Firm objects to the production and disclosure of this information (collectively, the "Rule 2019 Information") on additional grounds. By way of background, Bankruptcy Rule 2019 of the Federal Rules of Bankruptcy Procedure is titled "Disclosure Regarding Creditors and Equity Security Holders in Chapter 9 and Chapter 11 Cases."   Bankruptcy Rule 2019(b) requires "every group or committee that consists of or represents . . . multiple creditors . . . that are . . . acting in concert to advance their common interests" to file "a verified statement" setting forth certain information, such as the identity of

13

group members and their economic interests.  Fed. R. Bankr. P. 2019(b).  "[T]he core purpose of Rule 2019 is to ensure that reorganization plans deal fairly with all creditors and are arrived at openly."  *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee v. Congoleum Corp.*, 321 B.R. 147, 167 (D.N.J. 2005); *see also In re Philadelphia Newspaper, LLC*, 422 B.R. 553, 567 (Bankr. E.D. Pa. 2010) (Rule 2019 does not apply to ad hoc committees) (collecting cases).

Bestwall ostensibly limits the request for Rule 2019 Information to those filed in the cases of defined "Bankrupts"—111 individual bankrupt entities in cases dating back to the very first asbestos bankruptcy in 1982, filed by UNR Industries, Inc.  *See Matter of UNR Indus., Inc.*, 20 F.3d 766, 767–68 (7th Cir. 1994).  To the extent that any Rule 2019 Statement was filed bearing the name of any Selected Plaintiff, such documents are public record equally accessible to Bestwall.   However, bankruptcy courts, where they have ordered the filing of Rule 2019 Statements by attorneys representing claimants, have ordered those exhibits listing claimants' names be filed off the docket by submitting such records to the clerk of court.  Any party seeking access to such lists may gain access only pursuant to a court order.  *See, e.g.*, *Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019*, *In re Garlock Sealings Techs., LLC*, Case No. 10-BK-31607 (Bankr. W.D.N.C. Oct. 25, 2010), ECF No. 631 (requiring that (i) exhibits listing claimants' names to be delivered on compact disks to the clerk of court, (ii) such compact disks only being made available upon order of the court, and (iii) requiring the clerk of court to archive those compact disks with the case files upon closure of the case).  The Law Firm cannot provide information to which access has been restricted by a court order.  Bestwall must comply with those orders as well.

Again, Bestwall has not demonstrated that the information that it seeks by way of these Subpoenas is "relevant to any party's claim or defense and proportional to the needs of the case."

Fed. R. Civ. P. 26(b)(1).  However, with respect to Rule 2019 Statements, this is problematic for Bestwall beyond failing to meet the requirements of Federal Rules 26 and 45.  Federal courts evaluating a request for Rule 2019 information must, as "[a] threshold consideration," determine "whether the movants have stated a proper purpose."  *In re Owens Corning Armstrong World Indus., Inc.*, 560 B.R. 229, 237 (Bankr. D. Del. 2016), aff'd sub nom. *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733 (D. Del. 2018), aff'd sub nom. *In re A C & S Inc*, 775 F. App'x 78 (3d Cir. 2019).  For example, in *Owens Corning*, the Bankruptcy Court rejected requests for Rule 2019 exhibits where the movant "ha[d] not provided enough information regarding the proposed use of the Rule 2019 Exhibits."  560 B.R. 229, 237 (Bankr. D. Del. 2016) (Gross, J.) (emphasis added).  In contrast, in *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281 (D. Del. 2013)), the District Court allowed the debtor's request for Rule 2019 information because it had demonstrated a "proper purpose" in seeking this information.  *Id*. at 300.  Here, Bestwall has not provided a "proper purpose"—or <u>any</u> purpose—for seeking Rule 2019 Statements from the Law Firm.  In line with these authorities, and for failing to meet the requirements of Federal Rules 26 and 45, the Court should quash the Subpoenas.

### iii.    Evidence of Exposure

Requests 5, 6, and 7 of the Document Subpoena seek:

 *5. Any Documents through which the Firm or any Selected Plaintiff disclosed to the Debtor evidence of any Selected Plaintiff's exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product.*

*6. Any Documents through which the Firm or any Selected Plaintiff disclosed to any other party evidence of any Selected Plaintiff's exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product.*

*7. Any other Documents evidencing any Selected Plaintiff's exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product including documents disclosed to defendants in this country or used in trial in the tort system.*

Similarly, topics 6, 7, 8, & 9 of the Deposition Subpoena seek information regarding:

*6. Disclosures made to the Debtor or other asbestos defendants in discovery in the tort system concerning the Selected Plaintiffs' exposures to asbestos, any asbestos-containing product or any asbestos-contaminated product, including the manufacturers of such products.*

*7. Evidence of any Selected Plaintiff's exposure to asbestos or an asbestos containing product or an asbestos-contaminated product presented at trial in the case of any Selected Plaintiff.*

*8. Public statements made by the Firm, its lawyers, or its employees concerning any Selected Plaintiff.*

*9. Any co-counsel, referral or other joint representation arrangement or agreement with respect to any Selected Plaintiff.*

In addition to the objections made above, the Law Firm objects to the production of this information (collectively, the "Evidence of Exposure") on additional grounds.  First, as part of these requests, Bestwall, once again, plainly seeks information to which it, or its counsel, already has access ("Any Documents through which the Firm or any Selected Plaintiff disclosed to the *Debtor*…" and "Disclosures made to the *Debtor*…in discovery in the tort system…"), could be obtained through public record ("Any other Documents … used in trial in the tort system" or "Evidence of any Selected Plaintiff's exposure … presented at trial in the case"), or generally available to the public ("Public statements…").  Once again, there is no reason that the Law Firm

should be obligated to produce (or rather, reproduce) any information to which Bestwall, or its counsel, already has access and can obtain without imposing undue burden on the Law Firm.

Second, Federal Rule 45(a)(1)(A) only authorizes the testimony regarding, or production of, "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A). The requests and topics are not limited to Evidence of Exposure within the Law Firm' possession. Consequently, the Evidence of Exposure that Bestwall seeks may be, in whole or in part, in control of third parties, as counsel other than the Law Firm may represent, or may have represented, the holders of the asbestos claims designated by Bestwall's as "Selected Plaintiffs."

Third, the scope and breadth of these production requests and deposition topics is overbroad. For example, compliance with regard to the Evidence of Exposure would likely require the Law Firm to produce or disclose information that is protected by attorney-client privilege or attorney work-product, particularly with regard to co-counsel arrangements, referrals, or agreements. Since each of the Selected Plaintiff's actions in tort against Bestwall were premised on establishing Evidence of Exposure, Bestwall's failure to identify specific non-privileged individual documents—requesting instead Documents of every kind that supported the Selected Plaintiff's case against Bestwall or any other asbestos defendant—is effectively an attempt to discover a past opponent's litigation file. Texas courts, as well as federal courts, prohibit the discovery of an attorney's litigation file, even when specific documents contained therein are not subject to a claim of attorney-client or attorney work-product privilege. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Valdez*, 863 S.W.2d 458, 460–61 (Tex. 1993) (holding that production of all documents in an attorney's file and relied upon in litigation necessarily reveals privileged information, specifically, that attorney's strategy and organizational processes); *see also*

17

*Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982).

Fourth, to the extent that the scope of these production requests and deposition topics requests the production of documents and deposition testimony previously provided to Bestwall or relied upon in the tort system, the Subpoenas can fairly be interpreted as retreading ground previously traveled in prior proceedings.  This attempted second bite at the apple is only logical if premised upon the belief that discovery in prior proceedings—tendered subject to Rule 11, the applicable rules of professional conduct, and delivered under oath and penalty of perjury, as applicable—was in some way nonresponsive, inaccurate, or incomplete.  Bestwall has not laid any foundation for its attempts to duplicate prior discovery efforts.

Fifth, and finally, Bestwall has not considered in any way the burdensome nature of its designation of the Selected Plaintiffs.  Certain of the Selected Plaintiffs resolved their claims against Bestwall almost two decades ago, including litigation files that closed over fifteen years ago, rendering compliance with respect to production of responsive documents nearly impossible. See Kraus Affidavit ¶ 6.  Many of the attorneys with responsive information for those Selected Plaintiffs have left the Law Firm, work for competitors, or, in at least one instance, are deceased. *Id*. ¶ 8.  To respond to the Subpoenas, the Law Firm would have to attempt to locate and contact former attorneys and staff and attempt to recover data systems from email systems and computer databases long retired by the Law Firm.  *Id*. ¶ 10.  Efforts to comply with the Subpoenas would impose an undue burden on the resources of the Law Firm and would even impose a substantial burden on other law firms, attorneys, and staff no longer associated with the Law Firm.

Accordingly, the Court should quash, or, in the alternative, modify these Subpoenas to avoid undue burden to the Law Firm, and prevent the production and/or disclosure of privileged or other protected information.  Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii).

### iv.    Dahlgren Information

Requests 8, 9, 10, 11, and 12 of the Document Subpoena seek:

*8. All Documents containing Communications with any funding source for the Dahlgren Article referring or relating to the Dahlgren Article.*

*9. All Documents referring or relating to the funding, conception, research, drafting, analysis or other work that led to the publication of the Dahlgren Article, including the article's summaries of three mesothelioma cases.*

*10. All Documents containing Communications with the authors of the Dahlgren Article referring or relating to the article, including the funding, conception, drafting, publication, factual basis, or content of the article.*

*11. All Documents referring or relating to funding provided by any individual or entity for the Dahlgren Article or any work related to such article.*

*12. All Documents containing Communications with staff for the International Journal of Occupational and Environmental Health or any peer reviewers who worked with that journal referring or relating to the Dahlgren Article.*

Similarly, topic 10 of the Deposition Subpoena seeks information regarding:

*10. The Dahlgren Article, including without limitation: a. The funding, conception, research, drafting, analysis or other work that led to the publication of the Dahlgren Article, including the article's summaries of three mesothelioma cases, and the Firm's involvement therewith; b. The Firm's Communications with the authors of the Dahlgren Article referring or*

*relating to the funding, conception, drafting, publication, factual basis, or content of the article; c. The Firm's Communications with any funding source for the Dahlgren Article referring or relating to the Dahlgren Article; d. The Firm's Communications with staff for the International Journal of Occupational and Environmental Health or any peer reviewers who worked with that journal referring or relating to the Dahlgren Article; and e. The Firm's use of the Dahlgren Article in asbestos personal injury or wrongful death cases against the Debtor.*

In addition to the objections made above, the Law Firm objects to the production of this information (collectively, the "Dahlgren Information") on additional grounds. Here, once again, a substantial portion of the Dahlgren Information that Bestwall seeks is not limited to the information within the Law Firm's "possession, custody or control." Fed. R. Civ. P. 45(a)(1)(A). For example, Bestwall seeks information with respect to "any funding sources," the "funding conception, research, drafting, analysis or other work that led to the publication of the Dahlgren Article," and other Dahlgren Information that may be, in whole or in part, within the possession, custody, and control of third parties.

At the risk of repetition, considering the unlimited scope and breadth of the Dahlgren Information that Bestwall seeks, compliance would inevitably require the Law Firm to produce and disclose information that is protected by attorney-client privilege or attorney work-product, particularly with regard to its "use of the Dahlgren Article in asbestos personal injury or wrongful death cases against the Debtor" (and to the extent that Bestwall seeks non-privileged or otherwise unprotected information in this regard, Bestwall, or its counsel, already have access to such information). Accordingly, the Court should quash, or, in the alternative, modify these Subpoenas to avoid undue burden to the Law Firm and to prevent the production and/or disclosure of privileged or other protected information. Fed. R. Civ. P. 45(d)(1) & (d)(3)(A)(iii).

### III.     No Witness Fee was Tendered in Connection with the Deposition Subpoena.

Under Federal Rule 45, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1)). Bestwall failed to comply with this requirement and did not tender witness fees or mileage allowance in connection with the Deposition Subpoena. The Court of Appeals for the Fifth Circuit has recognized that quashing a *subpoena ad testificandum*, like the Deposition Subpoena, is proper where the subpoenaing party failed to comply with this requirement, and for that reason alone. *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (holding that "a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena," even where "allowance would have been less than five dollars because [deponent] lived just a few miles from the deposition site").

In line with *Dennis*, this Court has recognized and enforced that rule. *Boze Mem'l, Inc. v. Travelers Lloyds Ins. Co.*, No. 3:12-CV-669-P, 2013 WL 5299278, at *4 (N.D. Tex. Sept. 20, 2013) (denying motion to compel compliance with subpoena ad testificandum because moving party failed to satisfy Rule 45(b)(1)'s requirements, finding that "[a]t this stage of this litigation, the subpoena ad testificandum is invalid, and the court cannot force [the deponent's] compliance,") (citation omitted); *Traut v. Quantum Servicing, LLC*, No. 3:18-MC-14-D-BN, 2018 WL 1035134, at *5 (N.D. Tex. Feb. 23, 2018) (recognizing that if Rule 45(b)(1)'s requirements are not satisfied, "there is no valid subpoena for the Court to enforce.").

Accordingly, the Court should quash the Deposition Subpoena for noncompliance with the requirements of Federal Rule 45(b)(1). During the meet and confer, counsel for Bestwall stated

that they would provide the requisite witness fee, which would resolve this objection when received.

## **CONCLUSION**

WHEREFORE, the Law Firm respectfully requests that the Court issue an Order quashing the Subpoenas or, in the alternative, modifying the Subpoenas to conform with the requirements of Federal Rules 26 and 45, and to grant the Law Firm any other relief to which it is entitled.

Respectfully submitted,

**SUSMAN GODFREY L.L.P.**

*/s/ Vineet Bhatia*
Vineet Bhatia (TX State Bar No. 00795976)
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: 713-653-7855
Email: vbhatia@susmangodfrey.com

*Local Counsel for the Law Firm*

-and-

**WALDREP WALL BABCOCK
& BAILEY PLLC**

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
E-mail: notice@waldrepwall.com
(*Pro Hac Vice Motion Forthcoming*)

*Counsel for the Law Firm*

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned certifies that Thomas W. Waldrep, Jr., counsel for the Law Firm, conferred with counsel for Bestwall on December 30, 2021, regarding the relief requested by this motion. Counsel for Bestwall objects to the relief requested herein.

This, the 3rd day of January, 2022.

<div style="margin-left: 40%;">

**SUSMAN GODFREY L.L.P.**

*/s/ Vineet Bhatia*
Vineet Bhatia (TX State Bar No. 00795976)
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: 713-653-7855
Email: vbhatia@susmangodfrey.com

*Local Counsel for the Law Firm*

-and-

**WALDREP WALL BABCOCK**
**& BAILEY PLLC**

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep Jr. (NC State Bar No. 11135)
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
E-mail: notice@waldrepwall.com
(*Pro Hac Vice Motion Forthcoming*)

*Counsel for the Law Firm*

</div>

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing document was transmitted to counsel for

Bestwall in the above entitled and number cause, this the 3rd day of January, 2022:

Garland Cassada
Robinson Bradshaw & Hinson, P.A.,
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
gcassada@robinsonbradshaw.com
(704) 377-8317
*Counsel for Bestwall*

<div align="right">

*/s/ Vineet Bhatia*
Vineet Bhatia

</div>